**United States District Court**
For the Northern District of California

1
2
3
4
5                        UNITED STATES DISTRICT COURT
6                       NORTHERN DISTRICT OF CALIFORNIA
7
8    MICHAEL VARTANIAN for YOK HING            No. C-13-2873 EMC
     LAW,
9
              Plaintiff,
10                                             **ORDER RE NON-ATTORNEY**
          v.                                   **REPRESENTATIVE**
11
     ALAMEDA COUNTY SUPERIOR COURT,
12
              Defendant.
13   _____/
14
15
16          On July 12, 2013, this Court issued an order directing Michael Vartanian to show cause why

17   he should not be prohibited from representing Yok Hing Law in this matter, since he is not an

18   attorney.  Docket No. 11.  Mr. Vartanian had filed this suit on behalf of Yok Hing Law on June 21,

19   2013, alleging that Defendants violated the Americans with Disabilities Act ("ADA"), when they

20   refused to allow him to represent Law in state court because he was not an attorney.  Docket No. 1.

21   Proceeding on the same theory the state court had rejected, Vartanian sought to represent Law in this

22   action because Law has a mental disability that makes it difficult for her to communicate and to

23   understand her case.  Compl. ¶ 15.  The complaint in this action alleges, however, that Law is not

24   incapacitated or incompetent, and thus states that the appointment of a guardian ad litem is not

25   appropriate.  *Id.*  The complaint alleges that Vartanian is authorized to represent Law as a non-

26   attorney by the ADA, but does not cite to any particular provision of that statute providing such

27   authority.

28

United States District Court

For the Northern District of California

1    Vartanian filed a response to the order to show cause on July 18, 2013.  Docket No. 13.  He

2    cites to various sources, including the Federalist Papers, the Necessary and Proper Clause, and the

3    ADA's statement of purpose in support of his argument that he should be permitted to represent Law

4    because she will otherwise be shut out of court entirely.  He also cites to *Tennessee v. Lane*, which

5    addressed the question of abrogation of sovereign immunity and whether the ADA was a valid

6    exercise of Congress' power under Section 5 of the Fourteenth Amendment in the context of access

7    to the courts for people with disabilities.  541 U.S. 509 (2004).  Vartanian argues that Law is unable

8    to appear pro se because of her mental disability, but that she will be unsuccessful in retaining an

9    attorney to represent her because in arguing (as the complaint in this case does) that a non-attorney

10   should be permitted to her in state court, any attorney representing her would be violating California

11   Rule of Professional Conduct 1-300(A) ("A member shall not aid any person or entity in the

12   unauthorized practice of law.").  Any attorney representing Law in this case, however, would not be

13   aiding in the unauthorized practice of law, but bringing litigation to define the scope of authorized

14   practice of law.  The Court thus disagrees that the California Rules of Professional Conduct will

15   prevent Law from retaining counsel in this action.

16   While the sources Vartanian cites arguably may provide some support the position that he

17   should, as a matter of policy, be permitted to represent Law, he does not cite any binding authority

18   recognizing an exception to the general rule that non-attorneys may not represent people in federal

19   court under circumstances such as these.  Absent any such authority, this Court is bound by the

20   federal statute and Ninth Circuit precedent prohibiting representation by non-attorneys.  28 U.S.C. §

21   1654; *Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may

22   appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than

23   himself.'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987)).

24   Vartanian notes in his response that *C.E. Pope Equity Trust* pre-dates the ADA, apparently

25   suggesting that this rule is no longer valid after that statute's enactment.  Docket No. 13 at 4 n.2.

26   The Ninth Circuit, however, has reaffirmed this rule since the ADA's passage in 1990.  *See Johns*,

27   114 F.3d at 876.

28

**United States District Court**
For the Northern District of California

1     This Court therefore finds that the current state of the law does not permit Vartanian to

2  represent Law in this matter, since he is not an attorney.  He cites no authority that the ADA

3  overrides § 1654, particularly where, as here, there is no legal impediment to complying with § 1654

4  (*i.e.*, obtaining a lawyer to represent Law in this action).  He should thus be dismissed as a Plaintiff

5  in this case.  As this leaves Law with no representation, and as she apparently has a disability that

6  would make it difficult for her to represent herself in this matter, this Court orders this matter stayed

7  for 60 days to enable Law to retain counsel.

8     Pursuant to the stay, the motions to dismiss this action that are currently set for August 29,

9  2013 are re-set for November 21, 2013.  Law's opposition to these motions will be due November 1,

10  2013, and Defendants' replies will be due November 8, 2013.

11

12     IT IS SO ORDERED.

13

14  Dated:  August 5, 2013

15

16  _____
    EDWARD M. CHEN
17    United States District Judge

18

19

20

21

22

23

24

25

26

27

28