1
2
3
4
5     UNITED STATES DISTRICT COURT
6     NORTHERN DISTRICT OF CALIFORNIA
7
8  YOK HING LAW,                                              No. C-13-2873 EMC
9         Plaintiff,
10        v.                                                  **ORDER TO SHOW CAUSE**
11 ALAMEDA COUNTY SUPERIOR COURT,
12        Defendant.
13 _____/
14

Michael Vartanian filed this suit on behalf of Yok Hing Law on June 21, 2013. Vartanian, who apparently is not an attorney, sought to represent Ms. Law in this action because Ms. Law has a mental disability that makes it difficult for her to communicate and to understand her case. (Compl. ¶ 15). Ms. Law is apparently not incapacitated or incompetent, however, and the complaint thus states that the appointment of a guardian ad litem is not appropriate. (*Id.*)

The Complaint alleges that Judge Robert McGuiness of the Superior Court of California for Alameda County violated the Americans with Disabilities Act and California Rule of Court 1.100 by denying Vartanian's request to represent Ms. Law in an ongoing state court proceeding. (*Id.* ¶ 23-37). In addition, the Complaint argues that state courts and the California State Bar construe the phrase "practice of law" too broadly and thus prohibit Vartanian from representing Ms. Law, in conflict with the ADA. (*Id.* ¶¶ 38-43).

On July 12, 2013, this Court issued an order to show cause why Mr. Vartanian should not be barred from representing Ms. Law in this action as a non-attorney. (Dkt. No. 11, at 2). The Court relied on the well established case law which holds that a non-attorney "'has no authority to appear

as an attorney for others than himself.'" *Johns v. Cnty of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)).

On August 5, 2013, after receiving and considering Mr. Vartanian's response to the order to show cause, this Court found that Mr. Vartanian would not be permitted to represent Ms. Law and dismissed him as a plaintiff in this action. (Dkt. No. 17, at 3). Because this left Ms. Law with no representation and it had been represented to the Court that she "has a disability that would make it difficult for her to represent herself in this matter," the Court stayed this action for 60 days to enable Ms. Law to retain counsel. (*Id.*) Pursuant to the stay, the motions to dismiss filed by Defendants were re-set for hearing on November 21, 2013, with Ms. Law's opposition due on November 1, 2013. (*Id.*)

The 60-day stay expired on October 5, 2013. No attorney has appeared on behalf of Ms. Law and Ms. Law has not filed an opposition to either pending motion to dismiss.[1]

Accordingly, Ms. Law is **ORDERED** to show cause why this case should not be dismissed for failure to prosecute. By **December 13, 2013**, Ms. Law shall either have an attorney appear on her behalf or file a *pro se* opposition to the pending motions to dismiss. Failure to comply will result in dismissal of this action, with prejudice, for failure to prosecute.

The hearing on Defendants' motions to dismiss, currently set for November 21, 2013, is hereby **VACATED**.

IT IS SO ORDERED.

Dated: November 13, 2013

EDWARD M. CHEN
United States District Judge

---

[1] Following the Court's August 5, 2013 order, Mr. Vartanian filed two documents on August 7, 2013. The first was a response to Defendants' motion to dismiss. (Dkt. No. 20). This was stricken by the Court on August 19, 2013, on the ground that Mr. Vartanian was not authorized to represent Ms. Law in this matter. (Dkt. No. 26). Second, Mr. Vartanian filed a first amended complaint in which, like the original complaint, he purported to represent Ms. Law. (Dkt. No. 24). The Court **STRIKES** this document as, again, Mr. Vartanian is not authorized to represent Ms. Law in this case.

2