UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOK HING LAW,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SUPERIOR COURT, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-13-2873 EMC<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

On November 13, 2013, this Court issued an Order to Show Cause as to why this case should not be dismissed for failure to prosecute. Dkt. No. 30. After the this Court found that Plaintiff could not be represented by Mr. Vartanian, a non-attorney, the Court stayed this action for 60 days to permit Plaintiff to retain counsel. Dkt. No. 17. In addition, this stay order re-set Defendants' motions to dismiss for hearing on November 21, 2013, with Plaintiff's oppositions due on November 1, 2013. *Id.* at 3.

The Order to Show cause noted that the 60-day stay had expired and that Plaintiff's deadline for opposing the motions to dismiss had passed. Dkt. No. 30, at 2. No attorney had appeared and no opposition had been filed. *Id.* Accordingly, the Order to Show Cause stated:

> Accordingly, Ms. Law is **ORDERED** to show cause why this case should not be dismissed for failure to prosecute. By **December 13, 2013**, Ms. Law shall either have an attorney appear on her behalf or file a *pro se* opposition to the pending motions to dismiss. Failure to comply will result in dismissal of this action, with prejudice, for failure to prosecute.

*Id.* December 13, 2013 has passed and no attorney has appeared on Plaintiff's behalf and Plaintiff has not filed a pro se opposition to the pending motions to dismiss.

"District courts have the inherent power to control their dockets and, in the exercise of that power they may impose sanctions including, where appropriate, dismissal of a case." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992). Before dismissing for failure to prosecute, the Court must weigh several factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

Here, four of these factors weigh in favor of dismissal. First, the public's interest in expeditious resolution of litigation always favors dismissal for failure to prosecute. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Second, the Court's need to manage its docket supports dismissal. This action was stayed for sixty days on August 5, 2013 to permit Plaintiff to retain counsel. Over 130 days have now elapsed, and Plaintiff has made no attempt to proceed pro se, outside of Mr. Vartanian's attempt to represent her as a non-attorney. Without participation by Plaintiff, this case cannot proceed. Third, Plaintiff's failure to move forward on this action has resulted in unreasonable delay, which is presumed to be prejudicial to Defendants. *See In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994).

Finally, the Court has considered less drastic sanctions and has warned Plaintiff that she faced the risk of dismissal. *See Olivia v. Sullivan*, 958 F.2d 272, 273-74 (9th Cir. 1992) (finding these two factors "decisive" where a Court sua sponte dismisses for failure to prosecute). No less-drastic alternative is available. Plaintiff has not had an attorney appear and has not attempted to proceed pro se. While Mr. Vartanian attempted to represent Plaintiff earlier in this action, the Court previously found that he could not do so as a non-attorney. *See* Dkt. No. 17; *see also Johns v. Cnty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) ("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'"). Further, the Order to Show Cause in this case issued *after* the deadline for Plaintiff's opposition to Defendants'

motions to dismiss had passed with no opposition being filed. Accordingly, the Court provided Plaintiff a warning that her failure to prosecute would lead to dismissal and offered her a chance to avoid dismissal. *Cf. Pagtalunan*, 291 F.3d at 643 (finding that a warning did not constitute considering "less-drastic alternatives" when it came before any disobedience of a court order).

The Court finds that the relevant factors weigh in favor of dismissal. Accordingly, this action is **DISMISSED**, with prejudice, for Plaintiff's failure to prosecute. Defendants' motions to dismiss are **DENIED** as moot.

This order disposes of Docket Nos. 12 and 14. The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: December 20, 2013

_____
EDWARD M. CHEN
United States District Judge